WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| William Beamon, | No.  CV 13-2570-PHX-RCB (LOA) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Plaintiff William Beamon, who is confined in the Arizona State Prison Complex-Florence, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

JDDL-K

1    **II.    Statutory Screening of Prisoner Complaints**

2          The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

6    which relief may be granted, or that seek monetary relief from a defendant who is

7    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8          A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

10   does not demand detailed factual allegations, "it demands more than an unadorned, the-

11   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice."  *Id.*

14         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

17   content that allows the court to draw the reasonable inference that the defendant is liable

18   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

19   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

20   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

21   specific factual allegations may be consistent with a constitutional claim, a court must

22   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

23   at 681.

24         But as the United States Court of Appeals for the Ninth Circuit has instructed,

25   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

26   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

27   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

28   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

1    If the Court determines that a pleading could be cured by the allegation of other

2    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

3    of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The

4    Court should not, however, advise the litigant how to cure the defects.  This type of

5    advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v.*

6    *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

7    decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's

8    Complaint will be dismissed for failure to state a claim, but because it may possibly be

9    amended to state a claim, the Court will dismiss it with leave to amend.

10   **III.    Complaint**

11   In his three-count Complaint, Plaintiff names as Defendants Deputy Warden

12   Smith-Whitson, Trinity Staff Member Matthews, and CO II Fernandez, who all work at

13   the "Florence Prison."  Plaintiff seeks damages.

14   Plaintiff designates Count I as a threat to safety and alleges the following facts: on

15   December 1, 2013, Plaintiff walked into the freezer, where the temperature was -10

16   degrees, and Defendant Matthews locked Plaintiff in "on purpose" by putting a padlock

17   on the door.  Plaintiff was not able to get out and hit the emergency release.  Plaintiff then

18   hit the panic button until he was released from the freezer.  Defendant Fernandez

19   witnessed "this malicious act" but did not report it until December 2, 2013 and so

20   Plaintiff did not receive medical attention.  On December 6, 2013, a psychologist

21   diagnosed Plaintiff with post-traumatic stress disorder ("PTSD").

22   In Count II, Plaintiff alleges that his First Amendment rights were violated on

23   December 2, 2013 when he "was forced to work with [Defendant] Matthews after this

24   malicious act" because Defendant Fernandez did not report the incident until the end of

25   the working day on December 2, 2013.  Plaintiff alleges that Defendant Matthews

26   ordered him to put a tray in the freezer and that Matthews locked the freezer door once

27   Plaintiff was inside.  Plaintiff alleges that he "was compelled to associate with and work

28

for Matthews against [Plaintiff's] will after he showed and did a malicious intent to lock [Plaintiff] in a freezer."

In Count III, Plaintiff alleges that his Fifth, Eighth and Thirteenth Amendment rights were violated when he "was locked into the facility kitchen freezer which constitutes both slavery and cruel and extremely unusual punishment because it was done to me with a wanton and express intent to inflict unconstitutional punishment." Plaintiff alleges that Defendant Smith-Whitson failed to protect him and his life was put in danger when he was locked in the freezer. Defendant Fernandez allowed another staff member "to act in a manner without reporting it that justifies cruel and unusual punishment." In addition, ADOC failed to charge Defendant Matthews with kidnapping and unlawful imprisonment for locking Plaintiff in the freezer, even though Plaintiff asked for Matthews to get the same treatment Plaintiff would have received if he had committed the same act.

## IV.     Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.     Arizona Department of Corrections

It is not clear if Plaintiff is attempting to sue the Arizona Department of Corrections ("ADOC"). Plaintiff includes the ADOC in the caption of his Complaint and alleges in Count III that the ADOC failed to charge Defendant Matthews with kidnapping and unlawful imprisonment. However, Plaintiff has not listed the ADOC as a Defendant on page two of the Complaint form, where Plaintiff is required to list all Defendants he is suing. Nevertheless, the ADOC is not a proper Defendant. Under the Eleventh

Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *cf. Peralta v. Dillard*, No. 09-55907, slip op. at 9-10 (9th Cir. March 6, 2014) (while the Eleventh Amendment bars suit against a state under § 1983 for damages, a person acting under color of state law may be sued in his official capacity for prospective injunctive relief). Further, neither the State of Arizona nor any State agency is a "person" within the meaning of § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a State or State agency).

### B. Count I (Threat to Safety)

To state a claim under § 1983 for a threat to safety or failure to protect, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).  To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  *Id.* at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Id.*  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Id.* (citations omitted).

In this case, Plaintiff fails to allege sufficient facts to state a claim for threat to safety.  Although Plaintiff makes the conclusory allegation that Defendant Matthews locked him in the freezer "on purpose," Plaintiff does not allege facts demonstrating that he was purposefully locked in the freezer by Defendant Matthews.  For example, Plaintiff fails to allege how long he was locked in the freezer.  Likewise, Plaintiff alleges that Defendant Matthews ordered him to put a tray in the freezer, but it is not clear if Plaintiff went into the freezer immediately following this order and Matthews saw Plaintiff go into the freezer, or if some time elapsed between the order and when Plaintiff went into the

freezer so that Matthews might not have seen Plaintiff enter the freezer.  In addition, Plaintiff does not say who released him from the freezer, what anyone said upon Plaintiff's release, if anything, or if Plaintiff tried to report that he had been locked in the freezer.  Finally, Plaintiff alleges that five days after the freezer incident a psychologist diagnosed him with PTSD, but Plaintiff fails to state whether the PTSD diagnosis was new and related to the freezer incident, and whether the psychologist recommended any treatment or medication for Plaintiff's PTSD.  Absent additional facts, Plaintiff fails to state a claim for threat to safety, and Count I will be dismissed without prejudice.

**C.    Count II (First Amendment)**

Plaintiff alleges that he was compelled to associate with Defendant Matthews on December 2, 2013, in violation of his First Amendment rights.  As an initial matter, it is not clear who compelled Plaintiff to associate with Defendant Matthews or who this claim is being asserted against.  Also, the First Amendment is typically implicated when a plaintiff alleges that his right to associate with others has been abridged.  "A prison inmate retains those first amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).  However, the associational rights of prisoners "may be curtailed whenever the institution's officials, in the exercise of their informed discretion, reasonably conclude that such associations . . . possess the likelihood of disruption of prison order or stability . . . ." *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 132 (1977).  Plaintiff's allegations do not support a First Amendment claim, and Count II will be dismissed.

**D.    Count III (Fifth, Eighth and Thirteenth Amendments)**

Plaintiff alleges in Count III that his Fifth, Eighth and Thirteenth Amendment rights were violated during the December 1, 2013 freezer incident.  Count III is based on the same conduct at issue in Count I, which Plaintiff designates as a threat to safety claim and which is analyzed under the Eighth Amendment.  Accordingly, Plaintiff's Eighth Amendment claim in Count III will be dismissed because it is duplicative of Count I.

1   Plaintiff also asserts a Fifth Amendment claim in relation to the freezer incident.
2   It is not clear what Fifth Amendment right Plaintiff is alleging was violated.  Presumably,
3   Plaintiff is attempting to allege a due process claim.  "[I]f a constitutional claim is
4   covered by a specific constitutional provision, such as the Fourth or Eighth Amendment,
5   the claim must be analyzed under the standard appropriate to that specific provision, not
6   under the rubric of substantive due process [under the Fifth Amendment]."  *Crown Point*
7   *Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 853 (9th Cir. 2007) (citing *Graham v.*
8   *Connor*, 490 U.S. 386, 388 (1989)); *see Albright v. Oliver*, 510 U.S. 266, 273 (1994).  In
9   this case, any due process claim that Plaintiff is attempting to assert is subsumed by his
10  Eighth Amendment claim.  Accordingly, Plaintiff's Fifth Amendment claim is dismissed.

11  Plaintiff also alleges that being locked in the freezer constitutes slavery.  "The
12  Thirteenth Amendment declares that '[n]either slavery nor involuntary servitude, except
13  as punishment for crime whereof the party shall have been duly convicted, shall exist
14  within the United States, or any place subject to their jurisdiction.'"  *United States v.*
15  *Kozminski*, 487 U.S. 931, 942 (1988) (quoting Amendment XIII).  "[T]he term
16  'involuntary servitude' necessarily means a condition of servitude in which the victim is
17  forced to work for the defendant by the use or threat of physical restraint or physical
18  injury, or by the use or threat of coercion through law or the legal process."  *Id*. at 943.
19  "By its terms [the Thirteenth] Amendment excludes involuntary servitude imposed as
20  legal punishment for a crime."  *Id*. at 943.  Plaintiff does not allege facts that can be
21  construed to allege a violation of the Thirteenth Amendment.  Accordingly, Plaintiff's
22  Thirteenth Amendment claim, and Count III, will be dismissed.

23  **V.    Leave to Amend**

24  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to
25  state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a
26  first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will
27  mail Plaintiff a court-approved form to use for filing a first amended complaint.  If

28

JDDL-K

1    Plaintiff fails to use the court-approved form, the Court may strike the amended
2    complaint and dismiss this action without further notice to Plaintiff.

3         If Plaintiff files an amended complaint, Plaintiff must write short, plain statements
4    telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name
5    of the Defendant who violated the right; (3) exactly what that Defendant did or failed to
6    do; (4) how the action or inaction of that Defendant is connected to the violation of
7    Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of
8    that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

9         Plaintiff must repeat this process for each person he names as a Defendant.  If
10   Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
11   injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for
12   failure to state a claim.  **Conclusory allegations that a Defendant or group of**
13   **Defendants has violated a constitutional right are not acceptable and will be**
14   **dismissed**.

15        Plaintiff must clearly designate on the face of the document that it is the "First
16   Amended Complaint."  The first amended complaint must be retyped or rewritten in its
17   entirety on the court-approved form and may not incorporate any part of the original
18   Complaint by reference.  **Plaintiff may include only one claim per count.**

19        A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,
20   963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896
21   F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original
22   complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised
23   in the original complaint and that was voluntarily dismissed or was dismissed without
24   prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa*
25   *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).
26   . . . .
27   . . . .
28   . . . .

JDDL-K

- 8 -

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963

F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 17th day of April, 2014.


Stephen M. McNamee
Senior United States District Judge