1    WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                 FOR THE DISTRICT OF ARIZONA

8

9    William Beamon,                          No.  CV 13-2570-PHX-SMM (LOA)

10                     Plaintiff,

11         vs.                                        O R D E R

12
     Arizona Department of Corrections, et
13   al.,

14                     Defendants.

15

16          On December 17, 2013, Plaintiff William Beamon, who is confined in the Arizona

17   State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to 42

18   U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an April 17, 2014

19   Order, the Court granted the Application to Proceed and dismissed the Complaint

20   because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an

21   amended complaint that cured the deficiencies identified in the Order.

22          On May 20, 2014, Plaintiff filed his First Amended Complaint (Doc. 8). The

23   Court will dismiss the First Amended Complaint with leave to amend.

     **I.      Statutory Screening of Prisoner Complaints**

24          The Court is required to screen complaints brought by prisoners seeking relief

25   against a governmental entity or an officer or an employee of a governmental entity. 28

26   U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff

27   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

28

JDDL-K

1    which relief may be granted, or that seek monetary relief from a defendant who is
2    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3         A pleading must contain a "short and plain statement of the claim *showing* that the
4    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
5    does not demand detailed factual allegations, "it demands more than an unadorned, the-
6    defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
7    (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
8    conclusory statements, do not suffice."  *Id.*

9         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
11   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
12   content that allows the court to draw the reasonable inference that the defendant is liable
13   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible
14   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
15   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's
16   specific factual allegations may be consistent with a constitutional claim, a court must
17   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
18   at 681.

19        But as the United States Court of Appeals for the Ninth Circuit has instructed,
20   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
21   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less
22   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*
23   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

24        If the Court determines that a pleading could be cured by the allegation of other
25   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
26   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).
27   Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but

28

JDDL-K

- 2 -

1   because it may possibly be amended to state a claim, the Court will dismiss it with leave

2   to amend.

3   **II.      First Amended Complaint**

4           In his three-count First Amended Complaint, Plaintiff names the following

5   Defendants: Arizona Department of Corrections Director Charles L. Ryan; Deputy

6   Warden Smith-Whitson; Trinity Staff Member Matthews; and CO II Fernandez.  Plaintiff

7   seeks damages.

8           In Count One, Plaintiff asserts a threat to safety claim and alleges the following

9   facts: On December 1, 2013, Defendant Matthews gave Plaintiff a direct order to place

10  "the dead man tray away."  Matthews then unlocked the freezer and allowed Plaintiff to

11  enter.  Matthews shut the freezer door while Plaintiff was inside and Plaintiff started to

12  panic.  Plaintiff hit the emergency release, but "due to the padlock [Plaintiff] was not able

13  to release" himself and so he hit the panic button again until Matthews released him from

14  the freezer.  Plaintiff was in the freezer, which was -10 degrees, for a minute and a half.

15  Plaintiff asserts that the "padlock was placed on purpose to ensure [he] could not come

16  out" and that "this malicious act was suppose[d] to be [] a joke."  Defendant Fernandez

17  told Matthews that his actions were inappropriate and against policy, but Fernandez

18  failed to report the incident until 9:30 a.m. on December 2, 2013.  On December 6, 2013,

19  a psychologist diagnosed Plaintiff with PTSD "due to this incident" and placed Plaintiff

20  on "Pragosin" (sic).  According to Plaintiff, "he admits to locking me in the freezer" in

21  report #13-A03-5259.

22          In Count Two, Plaintiff asserts a violation of his First Amendment associational

23  rights and alleges the following facts: Defendant Fernandez "compelled" Plaintiff to

24  associate with Defendant Matthews "by not reporting the incident."  When Sergeant

25  Ddejsi heard that Defendant Matthews had locked Plaintiff in a freezer "he was relieved

26  of his duties."  Plaintiff had to work with Defendant Matthews "until the correct action of

27  reporting was done by CO II Fernandez."  Defendant Smith-Whitson "compelled"

28  Plaintiff to associate with Defendant Fernandez "by not respon[d]ing to the grievance

process in the allotted time frame[.]"  Smith-Whitson also failed to act on the concerns in Plaintiff's grievance "in which CO II Fernandez pulled [Plaintiff] to the side to advise [Plaintiff] that he lied on report (13-A03-5529) to protect staff member Mathew[s]." Plaintiff voiced his concerns about "being uncomfortable in CO II Fernandez['s] presence," but Fernandez continued to work Plaintiff's cluster during graveyard hours, which resulted in lost sleep and "high anxiety" for Plaintiff.

In Count Three, Plaintiff asserts a violation of his Fourteenth Amendment due process rights and alleges the following facts:  Defendant Ryan "and his subordinates fail to reply and uphold their policy in this matter."  Apparently, Defendants have exceeded 15 working days to respond, presumably to grievances, or do not respond at all to complaints.  Someone, possibly Plaintiff, submitted an inmate grievance on January 3 or 8, 2014, and did not receive a response until February 12, 2014.  Plaintiff contends that "due to this matter they denied [him] access to the courts on finalizing docume[n]tation to proceed in this matter."

**III.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

JDDL-K

- 4 -

1

## A.     Count One

2      To state a claim under § 1983 for a threat to safety or failure to protect, an inmate

3  must allege facts to support that he was incarcerated under conditions posing a substantial

4  risk of harm and that prison officials were "deliberately indifferent" to those risks.

5  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).   To adequately allege deliberate

6  indifference, a plaintiff must allege facts to support that a defendant knew of, but

7  disregarded, an excessive risk to inmate safety.   *Id.* at 837.   That is, "the official must

8  both [have been] aware of facts from which the inference could be drawn that a

9  substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."

10  *Id.*  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an

11  inmate violates the Eighth Amendment."  *Id.* (citations omitted).

12      Plaintiff fails to state a threat to safety claim.  Plaintiff alleges that he was locked

13  in a freezer for a minute and a half as a joke by Matthews.  Plaintiff's allegations fail to

14  support that Matthews knew of, but disregarded, an excessive risk to Plaintiff's safety.

15  He does not allege that Matthews intended to hurt him or that Matthews drew the

16  inference that a substantial risk of serious harm existed.

17      Although not so designated, to the extent Plaintiff is alleging a threat to safety

18  claim against Defendant Fernandez in either Count One or Count Two, that claim also

19  fails.  Plaintiff fails to allege that Fernandez knew of but disregarded an excessive risk

20  Plaintiff's safety.  Plaintiff alleges that Fernandez told Matthews that his actions were

21  inappropriate and against policy, and Fernandez reported the freezer incident the

22  following morning.   These actions do not amount to deliberate indifference to a

23  substantial risk of serious harm to Plaintiff.

24      Accordingly, Plaintiff fails to state a claim for threat to safety in Counts One or

25  Two, and Count One will be dismissed.  To the extent Plaintiff alleging a threat to safety

26  claim in Count Two, the threat to safety claim in Count Two is also dismissed.

27  . . . .

28  . . . .

JDDL-K

1

**B.     Count Two**

2       Plaintiff alleges a violation of his First Amendment rights in Count Two.  Plaintiff

3  asserts that he was compelled to associate with Defendant Matthews and Defendant

4  Fernandez after the incident.

5       As explained in the Court's prior Order, the First Amendment is typically

6  implicated when a plaintiff alleges that his right to associate with others has been

7  abridged.  "A prison inmate retains those first amendment rights that are not inconsistent

8  with his status as a prisoner or with the legitimate penological objectives of the

9  corrections system."  *Pell v. Procunier*, 417 U.S. 817, 822 (1974).   However, the

10  associational rights of prisoners "may be curtailed whenever the institution's officials, in

11  the exercise of their informed discretion, reasonably conclude that such associations . . .

12  possess the likelihood of disruption of prison order or stability . . . . "  *Jones v. North*

13  *Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 132 (1977).  Plaintiff's allegations

14  here do not support a First Amendment claim, and Count Two will be dismissed.

15       **C.     Count Three**

16       Plaintiff alleges in Count Three that his Fourteenth Amendment due process rights

17  were violated.  Plaintiff is apparently trying to allege that someone did not respond to a

18  grievance within the timeframes set forth in ADOC policy.

19       Prisoners have a First Amendment right to file prison grievances, *Rhodes v.*

20  *Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), but "[t]here is no legitimate claim of

21  entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)

22  (citations omitted), and the failure to follow grievance procedures does not give rise to a

23  due process claim.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates

24  lack a separate constitutional entitlement to a specific prison grievance procedure")

25  (citation omitted); *Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail

26  grievance procedures did not create a substantive right enforceable under § 1983);

27  *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance

28  system procedures do not deprive inmates of constitutional rights); *Buckley v. Barlow*,

997 F.2d 494, 495 (8th Cir. 1993) ("[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration.").

In Count Three, Plaintiff apparently alleges that Defendants either did not respond to his grievance(s) or did not timely process his grievance(s). As stated above, the failure to follow grievance procedures does not by itself give rise to a constitutional claim. To the extent Plaintiff alleges that he was somehow denied access to the courts based on Defendants' failure to follow grievance procedures, he has failed to state a claim upon which relief can be granted. As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present. *Id*. at 352-53. Plaintiff has not alleged that he was prevented from bringing a non-frivolous claim in any court.

Based on the foregoing, Plaintiff has failed to state a claim upon which relief can be granted in Count Three of his First Amended Complaint and Count Three will be dismissed.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in

its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.\

. . . .

. . . .

**D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. 8) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

1        (3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a

2  civil rights complaint by a prisoner.

3        DATED this 29th day of July, 2014.

Stephen M. McNamee
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)        )
       Plaintiff,   )
                            )
       vs.        )  **CASE NO.** _____
                            )           (To be supplied by the Clerk)
(1)_____, )
(Full Name of Defendant)        )
(2)_____, )
                            )  **CIVIL RIGHTS COMPLAINT**
(3)_____, )  **BY A PRISONER**
                            )
(4)_____, )  ☐ Original Complaint
       Defendant(s).    )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )  ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　(Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　(Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　(Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　(Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?       ☐ Yes       ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property       ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?                   ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?          ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                          ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count II?                        ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?              ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____

_____.

2.  **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III? ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
    _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                         SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.