WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Beamon, | No. CV 13-2570-PHX-SMM (MHB) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

On December 17, 2013, Plaintiff William Beamon, who is confined in the Arizona State Prison Complex-Florence ("ASPC-Florence"), filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an April 22, 2014 Order, the Court granted the Application to Proceed but dismissed the Complaint with leave to amend. On May 20, 2014, Plaintiff filed his First Amended Complaint, which was also dismissed with leave to amend on July 30, 2014. On August 26, 2014, Plaintiff filed his Second Amended Complaint (Doc. 12) and a Motion to Appoint Counsel (Doc. 11). The Court will order Defendant Matthews to answer Count One of the Second Amended Complaint and will dismiss the remaining claims and Defendants without prejudice. The Motion to Appoint Counsel will be denied.

TEMPSREF

I.      **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.   Second Amended Complaint

In his Second Amended Complaint, Plaintiff asserts two causes of action against Charles L. Ryan, Warden Smith-Whitson, "COII Fernandez," and "Trinity Staff Member Matthews." Both counts arise out of an incident alleged to have occurred in the kitchen at ASPC-Florence. On December 1, 2013, according to Plaintiff, Defendant Matthews directed Plaintiff to take a food tray into the walk in freezer in the prison kitchen. After Plaintiff entered the freezer, Defendant Matthews "intentionally and deliberately" closed and padlocked the door behind Plaintiff, locking him in the freezer. When he discovered what had happened, Plaintiff "frantically depressed the release latch several times and began pounding on the door" to alert Defendant Matthews or Defendant Fernandez, who was on security watch. Plaintiff ultimately was released from the freezer after he pressed a panic button, although it is unclear from the Second Amended Complaint who let him out. Plaintiff alleges that, upon exiting the freezer, he heard Defendant Fernandez tell Defendant Matthews that Matthews had "clearly violated" Arizona Department of Corrections ("ADOC") policy by "holding [Plaintiff] hostage in the padlocked freezer." However, according to Plaintiff, Defendant Fernandez "later change[d] his story to cover up the incident to protect Matthews."

Plaintiff claims that Defendant Matthews's conduct took place "under the direct security watch" of Defendant Fernandez, who was, in turn, being "overseen" by Defendants Smith-Whitson and Ryan. Plaintiff also asserts that he suffered psychological damage as a result of Defendant Matthews's conduct, and that he was diagnosed with post-traumatic stress disorder ("PTSD") several days after the incident. According to the Second Amended Complaint, Plaintiff is currently being medicated for PTSD, a condition he claims is the direct result of the incident in the freezer.

In Count One of the Second Amended Complaint, Plaintiff asserts a cause of action under the Eighth Amendment, claiming that Defendants' conduct resulted in a denial of basic necessities. In Count Two, he asserts a claim for threat to safety and cites

1  the Fourteenth Amendment.  As relief, Plaintiff seeks $8.5 million in damages and
2  requests that criminal charges be filed against Defendant Matthews.

### III.     Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.     Count One

In Count One, Plaintiff alleges a claim for denial of basic necessities.  To state such a claim, a plaintiff must allege that a defendant's acts or omissions have deprived him of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety.  *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir.1994) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *see Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1049–50 (9th Cir. 2002).  That is, a plaintiff must allege a constitutional deprivation that is objectively "sufficiently serious" to result in the denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Whether conditions of confinement rise to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to those conditions.  *Keenan v. Hall*, 83 F.3d 1083, 1089, 1091 (9th Cir.1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978)).

Plaintiff's allegations are insufficient to state a claim against Defendants Fernandez, Smith-Whitson, or Ryan.  Because there is no *respondeat superior* liability under § 1983, a defendant's position as the supervisor of persons who allegedly violated plaintiff's constitutional rights will not impose liability.  *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)

1  (citation omitted).  Rather, a defendant will only be held liable in his individual capacity if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor,* 880 F.2d at 1045 (9th Cir. 1989) (citation omitted).  And for an individual to be held liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (citation omitted).

Plaintiff has not alleged that Defendant Fernandez participated in, directed, or knew of Defendant Matthews's conduct.  Nor has he alleged that his constitutional rights were violated as a result of a policy, practice, or custom that was promulgated, endorsed, or condoned by Fernandez.  On the contrary, Fernandez is alleged to have "appeared agitated" when Plaintiff emerged from the freezer.  He is also alleged to have told Defendant Matthews that Matthews's conduct was a clear violation of ADOC policy.  Therefore, given the absence of any allegation that Defendant Fernandez knew what Defendant Matthews was intending and deliberately disregarded any potential risk to Plaintiff, Count One of the Second Amended Complaint does not state a viable claim for relief against Defendant Fernandez.

Likewise, the sole allegation against Defendant Smith-Whitson and Defendant Ryan is that each has authority over staff in the jails.   As noted above, in order to be held liable in his or her official capacity, a defendant must be alleged to have acted as a result of a policy, practice, or custom of the county or department causing injury.  The Second Amended Complaint contains no such allegations against Defendants Smith-Whitson and Ryan; accordingly, Count Two will be dismissed as against these Defendants.

**B.     Count Two**

In Count Two, Plaintiff re-alleges facts identical to those in Count One, but claims a Fourteenth Amendment violation.  A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause where a convicted prisoner's claim arises from the Eighth Amendment prohibition against cruel and unusual punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 and n.16

(1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Accordingly, there is no legal difference between an Eighth and Fourteenth Amendment conditions of confinement claim. Because Plaintiff's allegations in Count Two are factually identical to Count One, the Court will dismiss Count Two as duplicative.

**IV.     Claims for Which an Answer Will be Required**

Liberally construed, the allegations contained in Count One are sufficient to state a claim against Defendant Matthews, and he will be required to file a response to this portion of the Second Amended Complaint.

**V.     Motion to Appoint Counsel**

Plaintiff has also filed a motion to appoint counsel. There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Thus, the Court will deny without prejudice Plaintiff's Motions to Appoint Counsel.

. . . .

. . . .

. . . .

TERMPSREF

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants Fernandez, Smith-Whitson, and Ryan are **dismissed** without prejudice.

(2) Count Two of the Second Amended Complaint is **dismissed** without prejudice.

TERMPSREF

- 7 -

(3) Defendant Matthews must answer Count One.

(4) Plaintiff's Motion for Appointment of Counsel is **denied** without prejudice.

(5) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 12), this Order, and both summons and request for waiver forms for Defendant Matthews.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service

TERMPSREF

upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)  **If Defendant agrees to waive service of the Summons and Second Amended Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)  Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)  This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 28th day of October, 2014.

Stephen M. McNamee
Senior United States District Judge

TERMPSREF

- 9 -